UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 3:07-cr-00056 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| PETER KOTT and BRUCE WEYHRAUCH, | ) | [Re: Docket No. 139] |
| | ) | |
| Defendants. | ) | |

## I. MOTION PRESENTED

At docket 139, the United States moves under seal for admission of certain evidence of conduct by defendant Peter Kott because that conduct is "inextricably intertwined" with Kott's activities underlying the charges against him in the Indictment, or alternatively, because that conduct constitutes prior bad acts, evidence of which is admissible pursuant to Fed. R. of Evid. 404(b). Kott opposes the motion at docket 92 in a response not filed under seal. The United States offers no reason why the motion at docket 139 should be sealed; the court discerns none. In a separate order, the Clerk has been directed to unseal the motion at docket 139.

## II. DISCUSSION

The background to Kott's prosecution has been discussed in several prior orders. One reading this order who is unfamiliar with the case is directed to those orders.[1]

The United States asks the court to admit evidence of six specific acts or events described in its motion as follows:

---

[1] Docs. 85, 108, and 151.

(1) Kott's receipt of new hardwood flooring equipment, valued at approximately $12,000, from Bill Allen and/or VECO in approximately 2002:

(2) Kott's free use of a VECO warehouse to store hardwood flooring equipment, from approximately 1999 to 2006;

(3) Kott's receipt of a $5,000 payment from Bill Allen and/or VECO during the summer of 2004;

(4) A $1,000 payment made by VECO in approximately 2003 to a Florida beauty pageant corporation to benefit one of Kott's relatives, as requested by Kott;

(5) Kott's receipt of multiple items, including tools, obtained from a charity auction in the fall of 2005 that were paid for by VECO; and

(6) Contributions made during 2006 by VECO executives to one of Kott's relatives for a political campaign.[2]

**A. Inextricably Intertwined Evidence**

Evidence of a defendant's other conduct is admissible without regard to Rule 404(b) where it is either something which is actually a part of the transaction which is the basis for the criminal charge, or it is conduct whose presentation to the jury is necessary to allow the government to demonstrate to the jury a coherent and comprehensible explanation of the crime.[3] When either of these conditions pertains, the evidence is considered to be "inextricably intertwined" with the charged crimes.[4]

The six acts or events listed do not constitute part of any of the crimes charged against Kott. Indeed, the United States effectively says as much when it explains that the evidence is related to "the general scheme" to provide Kott with things of value in exchange for securing his agreement to take official acts to benefit VECO.[5] The

---

[2] Doc. 139 at pp. 2-3.

[3] *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004).

[4] *Id.*

[5] Doc. 139 at p. 4.

-2-

conspiracy charged in Count 1 is not a long-running "general scheme" starting back in 1999 and including acts in 2002, 2003, 2004, a charity auction in 2005, and contributions by VECO executives to a relative of Kott. The conspiracy charged is of much shorter duration and much more specific than a "general scheme" of corrupt behavior in which Kott and VECO may have engaged. The conspiracy actually charged began in or about September 2005, and was focused on obtaining gas pipeline related legislation favorable to the various oil companies from which VECO frequently obtained work. Furthermore, none of the evidence constitutes part of the still more specific crimes charged against Kott in Counts 2, 4, and 6.

Perhaps the United States could have prosecuted Kott on charges that would embrace some or all of the specific acts listed in the motion, but it chose not to do so. None of the acts are admissible on the theory that they constitute part of a transaction which is one of the crimes charged in the Indictment.

Next, it is necessary to consider whether any of the six acts or events should be admitted because they are necessary to the presentation of an understandable story about the crimes. It must be noted that the issue turns on whether the evidence is "necessary," not upon whether it might be "helpful" in assuring the story the government would tell the jury through its evidence is coherent and comprehensible. Simply reading the long list of other specific actions about which the government may present evidence which is laid out in the Indictment[6] shows that it can tell a very coherent and comprehensive story about Kott's criminal behavior. It is unnecessary to reach out and incorporate the matters raised in the pending motion to make the story comprehensible. That being so, the evidence is not admissible pursuant to the "tell a story" alternative. Thus, the evidence is inadmissible unless it may be admitted pursuant to Rule 404(b).

---

[6]Doc. 2 at pp. 8-21.

-3-

**B. Rule 404(b)**

Rule 404(b) permits the introduction of evidence of prior bad acts by a defendant in a criminal case when that evidence (1) is probative of something other than mere propensity to commit crimes including "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake,"[7] and (2) is not excludable under Rule 403. Rule 403 provides that otherwise relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[8] In *United States v. Hollis*,[9] the Ninth Circuit, recited the well-known proposition that evidence which is offered for a purpose recognized in Rule 404(b) is admissible only if (1) offered to prove a material point which is in dispute, (2) is not remote in time, (3) is established with evidence sufficient to prove the prior act actually was committed, and (4) where offered to prove intent is similar to the offense charged.

Turning to the requirements of Rule 404(b), the court notes that the United States has not explained for what purpose it offers the evidence. Instead of explaining whether the evidence supports, say motive, it simply asserts that "evidence of Kott's prior receipt of financial benefits from Allen and/or Smith is highly relevant to the material issues in the upcoming trial,"[10] leaving the court to guess which material issue. Frankly, given the government's terse explanation of the evidence, the court is left with the uncomfortable impression that what the evidence is really offered to show is a propensity to commit crimes with Allen and Smith. Of course, evidence is not admissible under Rule 404(b) for the purpose of showing a propensity to criminal behavior.

Even if the court could divine for which proper purpose the other bad act evidence is offered, the evidence could only be admitted if it met the four requirements

---

[7]Fed. R. Evid. 404(b).

[8]Fed. R. Evid. 403.

[9]*E.g., United States v. Hollis*, 490 F.3d 1149 (9th Cir. 2007).

[10]Doc. 139 at p. 7.

-4-

recounted in *Hollis*. Here, some of the evidence is too remote in time, and if offered for intent, may not be sufficiently similar. In addition, Kott contends that the United States has made no showing that it could prove the earlier acts with sufficient evidence. While Kott's point overlooks the probability that testimony from Allen and Smith would likely be sufficient as to some if not all of the acts, it is noteworthy that the United States skipped over this issue.

Despite the problems articulated above, if one simply assumed the evidence could survive review under Rule 404(b) with respect to, say intent, it still would have to be scrutinized under Rule 403. In terms of that rule, it is first necessary to consider the probative value of the proffered evidence. The proffered evidence no doubt has some probative value, for unless rebutted it would appear to show knowing behavior involving Kott and VECO which might have been corrupt. Unfortunately, plaintiff's failure to explain for just what purpose(s) the evidence is offered makes it impossible to evaluate how much probative value the evidence might have.

The next step under Rule 403 would be to determine whether the probative value of the evidence is substantially outweighed by any of the factors listed in the rule. If it is, the evidence should be excluded. The danger of unfair prejudice, confusing issues, misleading jurors, and introducing unnecessary delay cannot be overlooked when considering the evidence at issue. Trial in this case will be lengthy and will involve many activities that occurred in 2006 which are of direct consequence to the charges. Going back and exploring activities in 1999 through 2003 or 2004 is very likely to introduce considerable delay. It could also confuse jurors who may wonder why they should be concerned with such dated matters when they will be instructed that the charged conspiracy did not start until much later.

Had the United States articulated the purpose for which the bad acts are offered and discussed how it would go about proving them, Kott could have framed his response and the court could have ruled with a sufficient understanding of the significance of the evidence. However, that is not the case, so the motion will have to be denied under Rule 404(b).

In closing, the court notes that it is not willing to revisit this issue on a motion for reconsideration. The upcoming trial will be long and difficult enough without further consideration of issues that could have been more fully laid out in the existing briefing. It may also be noted that the court has ruled in favor of the United States on certain other motions emphasizing its expectation that the United States will not be presenting evidence that might relate to other conspiracies than the one which it has actually charged. The evidence which is excluded by this order might better be used to prove a long-running "general scheme" or conspiracy involving VECO and Kott, rather than the charged conspiracy involving Allen, Smith, Kott, and Weyhrauch, which mainly focused on legislative activities which took place in 2006.

### III. CONCLUSION

For the reasons above, the motion at docket 139 is **DENIED**.

DATED at Anchorage, Alaska, this 4th day of September 2007.

/s/ JOHN W. SEDGWICK
UNITED STATES DISTRICT JUDGE