**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **3:07-cr-00056 JWS** |
| | ) | |
| **vs.** | ) | **ORDER AND OPINION** |
| | ) | |
| **PETER KOTT ,** | ) | **[Re:  Docket No. 211]** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 211, defendant Peter Kott asks the court to exclude certain evidence. The United States has responded at docket 225.  The court heard brief oral comments on the motion following the completion of jury selection on September 7, 2007.  Oral argument on the motion would not be of benefit to the court.

## II.  DISCUSSION

Two topics were addressed in Kott's motion.  One was evidence that Bill Allen gave Kott some pills, and that they had some conversation about them.  The parties have reached an agreement respecting that evidence.  As the court understands it, evidence regarding the pills will not be admitted except to the extent that some comments about the pills are so inextricably embedded in recorded conversations on topics which are admissible that some passing mention of the pills will be heard when those conversations are played to the jury.

The second topic, evidence regarding the Corrupt Bastards' Club and the associated  "CBC" hats, remains in dispute.  Kott first contends that the United States

cannot lay a foundation for the evidence. The evidence discussed in the United States'
memorandum shows that it has the ability to lay an adequate foundation for the
evidence.

Kott also depicts evidence about the club and the hats as other acts evidence
excludable under Rule 404(b). The United States contends that the evidence is
actually direct evidence relevant to the charges in the Indictment. The court agrees with
the United States. Production of the hats and Kott's discussion of the club and the hats
with Allen and Smith was contemporaneous with the conspiracy charged in the
Indictment. It is evidence which tends to show Kott's own view of the relationship he
had with his alleged co-conspirators. Of course, Kott may argue the idea of a club and
the hats were a joke, or point to the absence of evidence that there actually was a real
club composed of an identifiable group, but the evidence is undeniably subject to a
different and far more sinister interpretation: Allen, Smith, and Kott knew what they were
doing was corrupt, and they were proud of it. If the finder-of-fact chooses this second
perfectly reasonable interpretation, the evidence is direct relevant evidence admissible
under Rule 401. If the jury concludes that the talk of a club and production of hats was
all a joke, then it will not simply ignore that evidence. However, what to make of
evidence which on its face is relevant is for the jury to determine.

Kott also asks the court to exclude the evidence under Rule 403. Under that
rule, evidence must be excluded if its probative value is "substantially outweighed" by
the danger of unfair prejudice, confusion of issues, misleading the jury, waste of time, or
needless cumulation.[1]

The United States says that the evidence mentioning the Corrupt Bastards' Club
and the hats is a small part of the evidence it will present, and may wind up having less
impact than other evidence. That suggests that the evidence has only modest probative
value. In fact, if interpreted by the jury to be part of an elaborate, if tasteless, joke, the
evidence would have no impact at all. On the other hand, if interpreted by the jury to

---

[1]Contrast the corresponding rule in the Alaska Rules of Evidence with which many
defense counsel are more familiar. The Alaska rule is identical to the federal rule with one
exception: The Alaska rule does not include the word "substantially."

Case 3:07-cr-00056-RRB   Document 228   Filed 09/10/07   Page 2 of 4

show Kott's knowledge and understanding that what he was doing was thoroughly corrupt, the evidence would be of significant probative value in a case where the United State is pursuing a charge which requires it to prove that Kott became a member of an alleged conspiracy knowing of its illegal object and intending to help accomplish it. The potential probative value is significant.

There is little or no "unfair prejudice" inherent in the evidence. If the jury views it as indicative of Kott's knowledge and intent, it is only "prejudicial" because it will help convict Kott on the merits. Unfair prejudice arises from evidence which would also have a tendency to persuade a juror to convict for reasons that go beyond the merits of the charge, or as the Ninth Circuit has described it, evidence inciting "an emotional response in the jury or [which] tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged."[2] The probative value of the evidence is certainly not substantially outweighed by the danger of unfair prejudice. Similarly, the court sees no danger of confusing the issues, misleading the jury, wasting time or piling on cumulative evidence. The United States' papers make clear that it would not present the evidence in order to follow some odd theory into the weeds along the side of the evidentiary road relating to a formal club, its membership, structure or activities. Rather, the Corrupt Bastards' Club and hat evidence is a very discrete bit of evidence which either does or does not (depending on how the jury evaluates it) shed considerable light on what Kott understood and intended during the time of the conspiracy charged in the Indictment.

Finally, the court turns to the case law cited by Kott. It need only be said that the court agrees with the United States' discussion of the case law in its memorandum. There is nothing in the case law which warrants granting the motion to exclude the evidence.

## III. CONCLUSION

---

[2]*United States v. Bailleaux*, 685 F.2d 1105, 1111 (9th Cir. 1992).

-3-

For the reasons above the motion at docket 211 is deemed moot as to the evidence concerning the pills and is **DENIED** as to the evidence concerning the Corrupt Bastards' Club and the CBC hats.

DATED at Anchorage, Alaska, this 10th day of 2007.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE