UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PETER KOTT, )<br>)<br>Defendant. )<br>) | 3:07-cr-00056 JWS<br><br>ORDER AND OPINION<br><br>[Re: Motion at Docket 270 ] |

## I. MOTION PRESENTED

At docket 270, defendant Peter Kott moves for a judgment of acquittal or, in the alternative, a new trial pursuant to Federal Rules of Criminal Procedure 29 and 33. At docket 281, plaintiff United States of America opposes the motion. Oral argument was not requested, and it would not assist the court.

## II. BACKGROUND

Peter Kott is part owner and operator of Kott's Hardwood Flooring and is a former member of the Alaska House of Representatives. Kott, who represented a district in Eagle River, Alaska, served in the Alaska House of Representatives from 1992 until January 2007. From January 2003 to December 2004, Kott served as Speaker of the House.

In 2004, the United States commenced an investigation into allegations of public corruption in Alaska. Kott and some other Alaska legislators were subjects of the

investigation. In May 2007, a federal grand jury returned a seven-count indictment against Kott and another former state legislator, Bruce Weyhrauch.[1]

Count 1 of the Indictment charges Kott with conspiracy to commit extortion under color of official right, bribery, and honest services wire fraud in violation of 18 U.S.C. § 371.[2] Count 1 alleges that Kott conspired with Weyrauch, "COMPANY CEO, COMPANY VP, State Senator A, and others both known and unknown to the grand jury."[3] Although not named in the Indictment, it is public knowledge that "COMPANY" refers to Veco Corporation, an oil field services and engineering company; "COMPANY CEO" refers to Bill J. Allen, former CEO of Veco; "COMPANY VP" refers to Rick Smith, former Vice President of Government Relations for Veco; and "State Senator A" refers to former State Senator Ben Stevens. Count 1 specifically alleges that Kott conspired with Allen and Smith to push legislation containing an oil tax favored by Veco and the oil industry through the Alaska Legislature in 2006. The legislation is commonly referred to as the Petroleum Profits Tax ("PPT").

Count 2 of the Indictment charges Kott with interference with commerce by extortion induced under color of official right in violation of 18 U.S.C. § 1951(a). Count 2 alleges that Kott unlawfully obtained from Veco, Allen, and Smith, "under color of official right, $8,993 in monetary payments, $2,750 in polling expenses, and a future contract as a lobbyist for [Veco]," for which Kott agreed to perform official acts.[4] Count 4 charges Kott with bribery concerning programs receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(B). Count 6 charges Kott with honest services wire fraud in violation of 18 U.S.C. §§ 1343 and 1346.

A fifteen-day jury trial was held in September 2007. The jury returned verdicts finding Kott guilty on Counts 1, 2, and 4 of the Indictment, and not guilty on Count 6.

---

[1] Weyhrauch's trial was subsequently severed from Kott's trial.

[2] Doc. 2, Count 1.

[3] Doc. 2 at 6.

[4] Doc. 2 at 21.

Kott timely filed a motion requesting a judgment of acquittal or, in the alternative, a new trial pursuant to Federal Rules of Criminal Procedure 29 and 33.

## III.  STANDARDS OF REVIEW

"Evidence is sufficient to support a conviction, if 'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"[5]  "A new trial may be granted by the district court when the 'interest of justice so requires.'"[6]

## IV.  DISCUSSION

Kott contends that a judgment of acquittal should be entered on the conspiracy, extortion, and bribery charges.  In the alternative, Kott argues that he should be granted a new trial because the court failed "to instruct [the jury] on the *quid pro quo* requirement regarding the Hobbs Act charge and because of violations of the legislative immunity doctrine."[7]  The court considers each of Kott's arguments below.

**Whether a Judgment of Acquittal Should Be Entered on the Conspiracy Charge**

Kott was found guilty of "conspiracy to commit extortion under color of official right, bribery, and honest services wire fraud" in violation of 18 U.S.C. § 371 as charged in Count 1 of the Indictment.[8]  Kott argues that a judgment of acquittal should be entered on the conspiracy charge on the grounds that "[i]t is simply not a crime to conspire to have money extorted from a person who is part of the conspiracy."[9]  In support of his argument, Kott cites *United States v. Brock,*[10] a recent case in which the Sixth Circuit held that the payor of a bribe to a state official cannot "conspire with that

---

[5]*United States v. Moses*, 496 F.3d 984, 987 (9th Cir. 2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

[6]*Id.* (quoting Fed. R. Crim. P. 33(a)).

[7]Doc. 271 at 11.

[8]Doc. 264.

[9]Doc. 271 at 3.

[10]--- F.3d ---, 2007 WL 2492375 (6th Cir. Sept. 6, 2007)

-3-

official to extort property from himself in violation of the Hobbs Act."[11] The Sixth Circuit further ruled that in order for a conspiracy to commit extortion "to be covered by the [Hobbs Act,] the alleged conspirators... must have formed an agreement to obtain 'property from *another*,' which is to say, formed an agreement to obtain property from someone outside the conspiracy."[12]

*Brock*, which was published the day after trial commenced in this case, is not controlling authority in the Ninth Circuit. Moreover, the facts in *Brock* are distinguishable from the facts in the present case. In *Brock*, Mike and Jerry Brock were convicted of conspiring with a state court clerk "to extort their own property."[13] In the present case, Kott was convicted of conspiring with Allen and Smith to extort money and other property from Veco, Allen, and Smith with their consent. Unlike Mike and Jerry Brock, Kott was not the payor of a bribe to a state official: Kott was the recipient of the bribe and "his acceptance of the bribe constituted an implicit promise to use his official position to serve the interests of the bribegiver[s]," Allen and Smith.[14]

Furthermore, the ruling in *Brock* is inconsistent with the Supreme Court's decision in *Evans v. United States*, and conflicts with precedent in at least four other circuits.[15] In *Evans*, a case involving prosecution of an elected official charged with Hobbs Act extortion based on campaign contributions, the Supreme Court drew a distinction between extortion induced by "wrongful use of actual or threatened force, violence, or fear" and extortion under "color of official right."[16] The Supreme Court ruled in pertinent part that:

---

[11] *Brock*, 2007 WL 2492375 at *1.

[12] *Id.* at *4 (emphasis in original).

[13] *Id.* at *1.

[14] *Evans v. United States*, 504 U.S. 255, 257 (1992).

[15] *See, e.g., United States v. Spitler*, 800 F.2d 1267 (4th Cir. 1986); *United States v. Cornier-Ortiz*, 361 F.3d 29, 40 (1st Cir. 2004); *United States v. Wright*, 797 F.2d 245, 250 (5th Cir. 1986); *United States v. Kenner*, 354 F.2d 780, 785 (2nd Cir. 1965).

[16] 18 U.S.C. § 1951(a)(2).

-4-

> In the case of the private individual, the victim's consent must be "induced by wrongful use of actual or threatened force, violence or fear." In the case of the public official, however, there is no such requirement. The statute merely requires of the public official that he obtain "property from another, with his consent, ... under color of official right."[17]

The Supreme Court further held that "the Government need only show that a public official has obtained a payment to which he was not entitled, knowing that the payment was made in return for official acts."[18]

The Sixth Circuit's holding in *Brock* that the payor of a bribe to a state official cannot "conspire with that official to extort property from himself in violation of the Hobbs Act" cannot be reconciled with the Supreme Court's reading of the Hobbs Act as requiring merely that a public official obtain property from another "with his consent,... under color of official right" to establish extortion under color of official right. The ruling in *Evans* clearly contemplates that a state official can conspire with a payor to extort property from the payor when the official knows that the payment is made in return for official acts. For the reasons set out above, Kott is not entitled to a judgment of acquittal based on the Sixth Circuit's holding in *Brock.*

Kott's argument that the conspiracy charge was "erroneously defined for the jury" is also unavailing. The jury instruction on conspiracy stated in pertinent part that in order for a conspiracy to have existed, "[y]ou must find beyond a reasonable doubt that there was a plan to commit at least one of the charges alleged in the indictment as the object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit."[19] Based on the above language, Kott argues that the jury instruction on conspiracy was erroneous because it allowed the jury to find Kott guilty of conspiracy if they agreed "that he had conspired with Bill Allen and Rick Smith to extort money from them," which "the Sixth Circuit has recognized, is impossible."[20]

---

[17] *Evans*, 504 U.S. at 265.

[18] *Id.* at 268.

[19] Doc. 268, Instruction No. 14.

[20] Doc. 271 at 4.

Because Kott failed to object to the applicable jury instruction at trial, the court reviews the instruction for plain error.[21] "Under the plain error doctrine, a defendant must establish (1) that the proceedings below involved error, (2) that the error is plain, and (3) that the error affected the substantial rights of the aggrieved party."[22] In addition, a defendant must also show that the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings" before the court will exercise its discretion pursuant to Rule 52(b) to correct the plain error.[23]

Kott's present objection to the conspiracy instruction is that it allowed the jury to find him guilty of conspiracy if they agreed that "he had conspired with Bill Allen and Rick Smith to extort money from them," which "the Sixth Circuit has recognized, is impossible."[24] Kott's argument is based on the Sixth Circuit's decision in *Brock*, which is not controlling authority in the Ninth Circuit and conflicts with the Supreme Court's holding in *Evans*. The conspiracy instruction was not erroneous. Accordingly, the court need not address the remaining elements under the plain error doctrine.[25]

**Whether a Judgment of Acquittal Should Be Entered on the Hobbs Act Extortion Charge or, Alternatively, a New Trial Should Be Granted**

Kott was convicted of one count of "interference with commerce by extortion induced under color of official right" in violation of the Hobbs Act, 18 U.S.C. § 1951.[26] Section 1951(a) provides in pertinent part:

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation

---

[21] *United States v. Tirouda*, 394 F.3d 683, 688 (9th Cir. 2005).

[22] *United States v. Alferahin*, 433 F.3d 1148, 1154 (9th Cir. 2006).

[23] *Id.* (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).

[24] Doc. 271 at 4.

[25] *Alferahin*, 433 F.3d at 1156.

[26] Doc. 265.

of this section shall be fined not more than $10,000 or imprisoned not more than twenty years, or both.

(b) As used in this section -

\*\*\*\*

(2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.[27]

Kott argues that a judgment of acquittal should be entered on the Hobbs Act extortion charge on the basis of insufficient evidence of a *quid pro quo*. Because Kott was convicted, "[t]he standard of review for determining the sufficiency of the evidence is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"[28]

Kott submits that he was convicted of extortion under the Hobbs Act based on four separate alleged benefits: "1) a promise of a job; 2) $1000 in exchange for a campaign contribution to Frank Murkowski; 3) $7993 in inflated flooring to pay Peter Kott Jr. for running Kott's re-election campaign; and 4) a poll for Kott's re-election campaign."[29] Kott characterizes the political poll and the inflated hardwood flooring invoice, which purportedly was used to pay Peter Kott Jr. for work on Kott's campaign, as "alleged illegal campaign contributions by Allen and Smith to Kott."[30] Citing *McCormick v. United States*,[31] Kott argues that because the Hobbs Act violation

---

[27] 18 U.S.C. § 1951(a).

[28] *United States v. Tucker*, 133 F.3d 1208, 1214 (9th Cir. 1998) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

[29] Doc. 271 at 6.

[30] *Id.*

[31] 500 U.S. 257 (1991).

charged in this case "alleges illegal campaign contributions the government must prove a *quid pro quo*" and "the jury should be instructed accordingly."[32]

In *McCormick*, the Supreme Court ruled that "a *quid pro quo* is [] necessary for conviction under the Hobbs Act when an official receives a campaign contribution."[33] The Supreme Court further stated that the receipt of campaign contributions violates the Hobbs Act as having been taken under color official right "only if the payments are made in return for an explicit promise or undertaking by the official to perform or not to perform an official act."[34] The Supreme Court expressly failed to decide "whether a *quid pro quo* requirement exists in other contexts, such as when an elected official receives gifts, meals, travel expenses, or other items of value."[35]

In *Evans*, another case involving Hobbs Act extortion based on campaign contributions, the Supreme Court held that "the Government need only show that a public official has obtained a payment to which he is not entitled, knowing that the payment was made in return for official acts."[36] The Supreme Court further stated that "because the offense is completed at the time when the public official receives a payment in return for his agreement to perform specific official acts; fulfillment of the *quid pro quo* is not an element of the offense."[37] Rather, the public official's acceptance of the payment constitutes an agreement to use his official position to serve the payor's interests, and that agreement satisfies the *quid pro quo* requirement of *McCormick*.[38]

---

[32] Doc. 271 at 6.

[33] *McCormick*, 500 U.S. at 274.

[34] *Id.* at 273.

[35] *Id.* at 274 n.10.

[36] *Evans*, 504 U.S. at 268.

[37] *Id.*

[38] *Id.*

In *United States v. Tucker*,[39] the Ninth Circuit considered a conviction in which the money paid to the public official charged with violating the Hobbs Act was not a campaign contribution. Relying on *McCormick*, Tucker argued that there was insufficient evidence of a *quid pro quo*, to which the government responded that it did not need to prove a *quid pro quo* because the case did not involve campaign contributions. The Ninth Circuit found it unnecessary to decide whether prosecutors must prove a *quid pro quo* in cases involving non-campaign contributions. Citing *Evans*, the Ninth Circuit stated that the "government need not show an explicit agreement between Tucker and Macardican; the government need only show that Tucker received the payment 'knowing that [it] was made in return for official acts.'"[40] Viewing the evidence in the light most favorable to the prosecution, the Ninth Circuit concluded there was more than sufficient evidence to find "that Tucker understood that the payments he received from Macardican were made in return for official acts."

In this case, Kott characterizes only two of the benefits he received as campaign contributions. Presumably, he concedes that the other benefits were not campaign contributions. Regardless of whether the benefits are construed as campaign contributions or other payments, under *Evans* and *Tucker* the government only needed to show that Kott obtained a payment to which he was not entitled, knowing that the payment was made in return for official acts.[41] Viewing the evidence in the light most favorable to the prosecution as the court must, there is sufficient evidence to find that Kott received payments from Allen and Smith to which he was not entitled, and that Kott knew that payments he received were made in return for official acts.

In the alternative, Kott argues that a new trial should be granted because the court failed to instruct the jury on the *quid pro quo* requirement in an extortion under color of official right charge involving campaign contributions under the Hobbs Act.

---

[39]133 F.3d 1208 (1998).

[40]*Tucker*, 133 F.3d at 1215.

[41]*Evans*, 504 U.S. at 268.

-9-

Whether a jury instruction misstated the elements of a statutory crime is a question of law the court reviews *de novo*, provided a party has made a proper objection "before the jury retires to consider the verdict, stating distinctly the matter to which that party objects and the *grounds* of that objection."[42]   At trial, Kott specifically objected to the use of the words "understanding" and "implicit" in the third element of the jury instruction for "Hobbs Act - Extortion under Color of Official Right."  Kott argued that the government should have to prove an "explicit agreement" on the grounds that a *quid pro quo* is required when the alleged extortion involves property that could be construed as a campaign contribution.

The jury instruction for "Hobbs Act - Extortion under Color of Official Right" instructed the jury in pertinent part that in order to find the defendant guilty of the above charge, the government had to prove each of the following elements beyond a reasonable doubt:

> First, the defendant was a public official;
>
> Second, the defendant obtained property which he knew he was not entitled to, with all of you agreeing on what that property was;
>
> Third, the defendant knew that the property was given in return for his agreement or understanding whether explicit or implicit, for taking some official action; and
>
> Fourth, commerce or the movement of an article or commodity in commerce from one state to another was affected in some way.
>
> Wrongfully extorting property under the color of official right is the taking by a public officer of property not due to him or his office, knowing that the property is being given to him in return for the taking, withholding or other influencing of official action.  If a public official accepts or demands property in return for promised performance or nonperformance of an official act, the official is guilty of extortion.[43]

The above jury instruction comports with the Supreme Court's holding in *Evans* that "the Government need only show that a public official has obtained a payment to

---

[42] *United States v. Elias*, 269 F.3d 1003, 1017 (9th Cir. 2001) (citing Fed. R. Crim. P. 30).

[43] Doc. 268, Instruction No. 15.

-10-

which he is not entitled, knowing that the payment was made in return for official acts."[44] Moreover, Kott's argument that the government should have to prove an "explicit agreement" conflicts with the Ninth Circuit's ruling in *Tucker* that even applying the *quid pro quo* requirement set forth in *McCormick*, "[t]he government need not show an explicit agreement...; the government need only show that [Kott] received the payment 'knowing that [it] was made in return for official acts.'"[45] For the reasons set out above, the jury instruction for "Hobbs Act - Extortion under Color of Official Right" did not misstate the elements.

**Whether a Judgment of Acquittal Should Be Entered on the Bribery Charge**

Kott was convicted of accepting a bribe in relation to a program receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(B),[46] which provides in relevant part:

> (a) Whoever, if the circumstances described in subsection (b) of this section exists -
>
> (1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof -
>
> \*\*\*\*
>
> (b) corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more; ...
>
> shall be fined under this title, imprisoned not more than 10 years, or both.
>
> (b) The circumstances referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.[47]

---

[44] *Evans*, 504 U.S. at 268.

[45] *Tucker*, 133 F.3d at 1214.

[46] Doc. 266.

[47] 18 U.S.C. § 666(a)(1)(B).

-11-

Case 3:07-cr-00056-RRB   Document 285   Filed 11/08/07   Page 11 of 13

Kott argues that a judgment of acquittal should be entered on the bribery charge because the evidence "does not support a receipt of benefits for the purpose of influen[ce] but, rather, a receipt of benefits as a reward," which is "consistent with an illegal gratuity and not a bribe."[48] Kott's argument is contrary to the plain language of § 666(a)(1)(B), which provides that it is a crime for a public official to corruptly accept or agree to accept anything of value from any person, "intending to be influenced *or rewarded* in connection with any transaction, or series of transactions of such...government...involving anything of value of $5,000 or more."[49] Moreover, viewing the evidence in the light most favorable to the prosecution, the evidence at trial was sufficient to establish that Kott accepted benefits from VECO, Allen and Smith, intending to be influenced in connection with PPT legislation pending before the Alaska State Leglislature.

**Whether a Judgment of Acquittal Should Be Entered on All Charges Due to Insufficient Evidence of *Mens Rea***

Kott argues that the evidence was insufficient to establish the *mens rea* required to sustain any of the three convictions discussed above because the evidence "clearly supported the proposition that Bill Allen was a friend of the defendant's" and "any alleged benefits that the defendant received could have been construed as simply gifts from a benefactor that Peter Kott has known for years."[50] In order to find Kott guilty on all three charges, the jury must have rejected Kott's argument that any benefits he allegedly received were "simply gifts from a benefactor that Peter Kott has known for years." The evidence at trial was sufficient for any reasonable juror to find beyond a reasonable doubt that Kott accepted benefits from Allen and Smith, knowing that the

---

[48]Doc. 271 at 10.

[49]18 U.S.C. § 666(a)(1)(B) (emphasis added).

[50]Doc. 271 at 10.

Case 3:07-cr-00056-RRB   Document 285   Filed 11/08/07   Page 12 of 13

payments were made in return for official acts and intending to be influenced in connection with PPT legislation pending before the Alaska State Legislature. [51]

**Whether a New Trial Should Be Granted Due to Violations of the Legislative Immunity Doctrine**

Finally, Kott argues that a new trial should be granted on the basis of legislative immunity. Kott specifically argues that the evidence at trial included his discussions as a legislator with citizens regarding legislation, as well as his official acts on other bills, which are "subject to the doctrine of legislative immunity and as such should result in a setting aside of the verdict and a grant of a new trial in which these actions are not presented to the jury."[52] Kott does not provide, nor is the court aware of, any authority supporting his argument. To the extent that Kott is attempting to argue that his official acts as a state legislator may not be used against him in a criminal trial, Kott's argument is unavailing. The Supreme Court has ruled that in a federal criminal prosecution against a state legislator, there is no legislative privilege barring the introduction of evidence of the legislator's legislative acts.[53] Accordingly, the interest of justice does not require the granting of a new trial.

## V. CONCLUSION

For the reasons set out above, defendant's motion at docket 270 is **DENIED**.
DATED at Anchorage, Alaska, this 8th day of November 2007.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[51] *United States v. Goetzke*, 494 F.3d 1231, 1234 (9th Cir. 2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

[52] Doc. 271 at 11.

[53] *United States v. Gillock*, 445 U.S. 360, 373-74 (1980).

-13-