UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br>   vs.<br><br>PETER KOTT,<br><br>        Defendants. | 3:07-cr-056-JWS -JDR<br><br>**<u>ORDER<br>REGARDING MOTION<br>TO RECONSIDER ORDER<br>DENYING APPOINTMENT OF<br>TWO LAWYERS</u>**<br><br>(Docket No. 526) |

      Defendant **Peter Kott**, moves the court to reconsider its order denying the appointment of Peter Camiel as a second lawyer in his case. Docket 526. The government filed a response at Docket 528. Kott filed a reply at Docket 532.[1] For reasons stated below, the Motion to Reconsider is GRANTED and the Motion for Appointment of Second Attorney at Government Expense is DENIED.

---

[1] Pursuant to District of Alaska Local Rule 47.1 Criminal Motion Practice.
   . . . (c) Reply. Unless otherwise ordered by the court, no reply memorandum will be filed.

The threshold question is whether the Criminal Justice Act (Act) permits appointment of more than one attorney as counsel in a non-capital case. The court concludes that it does. Pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A(b) and the Local Plan for this District for the appointment of counsel, the magistrate judge previously ruled that Mr. Kott is financially unable to obtain counsel within the meaning of the Act and appointed Sheryl Gordon McCloud.

The purpose of the Act is to provide "adequate representation" of a defendant. It is not intended to provide a defendant with the best counsel that money can buy. The Act uses the word "counsel" which under its plain language usage may be singular or plural. In capital cases the Act provides that upon the defendant's request, the court shall assign "two such counsel, of whom at least one shall be learned in the law applicable to capital cases. . . ." Under the Criminal Justice Act of 1964, as amended, "[t]here is no statutory bar to appointment of more than one lawyer" to represent an indigent defendant. *See* United States v. Aadal, 280 F. Supp. 866, 868 (S.D. N.Y. 1967). The Act does not expressly sanction joint appointments in non capital cases.

In Aadal, cited by Kott, the district judge appointed two lawyers to represent the defendant who was charged in a 12 count indictment with making false statements on bills of lading, within intent to defraud, and negotiating the same in violation of 49 U.S.C. § 121 and 18 U.S.C. § 2 (aiding and abetting). The defendant

was convicted in all 12 counts. Both attorneys submitted vouchers for their services. The reported opinion addressed the amount of compensation to be paid to the two court-appointed attorneys. The trial judge reasoned that since an amount in excess of the stated maxima in the Act was necessary to provide fair compensation for "protracted representation" the attorneys were entitled to combined compensation that exceeded the statutory maximum. *Id* at 867. The district judge noted that it did not appear that the chief judge of the Second Circuit (which includes New York) had been asked in any other case to approve compensation for more than one lawyer where the combined amount exceeded the statutory maximum.

The Aadal case cites United States v. Kingston, 256 F. Supp. 859 (W.D. PA. 1966), wherein the opinion was written by Chief Judge Staley of the Third Circuit. In Kingston, also cited by Kott, Judge Staley points out that immediately following the enactment of the Criminal Justice Act of 1964, the matter of the appointment of more than one lawyer came to the attention of the Committee to implement the Act which had been appointed by the Judicial Conference of the United States. In Judge Staley's opinion, with respect to non-capital cases, it appeared that the Committee was of the view that the matter should be left to coverage by the district court's plan. Judge Staley announced the rule in the Third Circuit as follows: "[U]nless the case involves a charge of a capital offense, or falls within the Act's exception for protracted representation under extraordinary

circumstances, . . . attorneys appointed as co-counsel to represent an individual defendant must file a joint claim for compensation for services and the aggregate compensation may not exceed the statutory ceilings . . . for a felony case . . . ." 256 F. Supp. at 860. Judge Staley disapproved the application for payment of attorney's fees under the CJA to the extent that the payment for services exceeded the statutory maximum ($500 at the time) plus expenses approved by the district court.

As these cases conclude, just what scenario presents "extraordinary circumstances" and what constitutes "protracted representation" are not subject to precise definition. Instead, these cases dealt with a determination of what compensation in excess of the statutory limit should be allowed in their particular cases. They do not address the standard for deciding whether a defendant should have a second court appointed attorney in a non capital case. <u>Aadal</u> dealt with compensation of dual attorneys not eligibility under the CJA for more than one appointed attorney.

The Committee to implement the Criminal Justice Act of 1964, created by the Judicial Conference of the United States, in its meeting held October 17, 1964, refers to a discussion about appointing more than one attorney. The Chairman, Judge Hastings, stated that the statute was not entirely clear, and that perhaps this was an item that might be covered by the district court plans. The Committee Report reflects that Judge Carter indicated that he might appoint two

attorneys in a difficult case, requesting the junior attorney to serve without compensation. Minutes of the Committee to Implement the Criminal Justice Act of 1964, p. 11 (October 17, 1964).

Cases dealing strictly with the amount of reasonable attorney fees to which counsel is entitled under the Criminal Justice Act, though helpful to the issue at hand, are not completely on point. Under the Act the district court has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. This court has addressed that issue in part in its District Court [CJA] Plan.

In order for a fee amount to exceed the statutory maximum, the district court must first certify that the case involves "complex" or "extended" representation. 18 U.S.C. § 3006A(d). The district court must also conclude that the amount is necessary to provide counsel with fair compensation.

What constitutes a complex case or extended representation for purposes of compensation is not necessarily the same standard for determining whether dual representation is warranted under the CJA in a non-capital case. The tension between the policies underlying the CJA may be expressed as recognizing that representing indigent defendants is a form of public service and the CJA was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice with the observation that the Act was

also intended to provide indigent defendants with meaningful representation by competent counsel. The CJA is intended to "partially alleviate the financial burden associated with providing legal services which had been traditionally provided pro bono." United States v. Diaz, 802 F. Supp. 304, 307 (CD Ca. 1992) (citing United States v. Carnevale, 624 F. Supp. 381, 383 (D.R.I., 1985).

The Plan for furnishing representation to indigents under the District of Columbia Criminal Justice Act provides that: "[i]n an extremely difficult case, where the court finds that it is in the interest of justice to appoint two attorneys to represent one defendant . . . two attorneys may be appointed." Welch v. United States, 466 A. 2d 829 (D.C. Ct of App. 1983). Welch was convicted of first degree felony murder while armed, carrying a pistol without a license, second degree burglary and grand larceny. He was represented by a single CJA-appointed counsel. Welch claimed on appeal that the trial court was required to conduct a hearing in response to his statement, "I was wondering in a case like this would I be entitled to two attorneys." *See Id* n.10. The D.C. Court of Appeals rejected this claim as both unsubstantiated and because his reference to the possibility of having more than one attorney came right after he had stated to the court that he still wanted his attorney to represent him. Although the comment was made in the context of a discussion on conflict of interest, the Court of Appeals stated that the statement manifested Welch's satisfaction with his attorney. The Court of Appeals found that the wording and

timing of the causal inquiry indicated that Welch was not seeking additional counsel based on the claim of ineffective assistance.

<u>Welch</u> identifies the standard used by that court to determine whether two attorneys should be appointed to represent one defendant. The District of Alaska's Plan for furnishing representation to indigents does not address dual representation in a non-capital case. Yet, the Guide to Judiciary Policy and Procedures and the Model CJA Plan contain language that a second lawyer may be appointed in "an extremely difficult case" and "in the interest of justice." *See* <u>Guide to Judiciary Policy and Procedures</u>, Chapter 7, § 2.11. *See* also <u>Guide to Judiciary Policy</u>, Appx 2 A: Model CJA Plan, p.5.

Applying this standard the court examines the record to determine whether an additional attorney is necessary because this case qualifies as an "extremely difficult case." The present appointment to represent Mr. Kott is for the re-trial. There is a record of an earlier trial to guide the court in making an informed decision as to the merits of the defendant's pretrial request for additional counsel. The trial lasted 15 days and Mr. Kott was represented by two retained defense lawyers, Mr. Wendt and Ms. Simonian. To the extent that counsel had to be familiar with the workings of the state legislature, the intricacies of the oil and gas industry and the perception of its interest, proposed bills to achieve the enactment of a tax law, the PPT 20/20 level, as well as the elements of the criminal statutes charged,

the ground work for securing such information for this case has no doubt been made by Mr. Wendt and Ms. Simonian. They should be available for consultation.

The motion for appointment of (second) counsel identifies the need to challenge the validity of the government's proof including the credibility of the government's key witnesses. Docket 526, pp. 9-11. Knowledge about the government's witnesses, documentary evidence and theory of prosecution have also been addressed at the first trial. The matter of disclosure of exculpatory material by the government as a contemporary issue is well documented in the recent files of this case.

The defendant cites the trial judge's statement that "trial will be long and difficult enough" in his order denying the government's motion in limine at Docket 207. Trial and pretrial proceedings may very well be extended or complex for purposes of the Speedy Trial Act but the factual and legal issues in this case do not appear to be extremely complex or extremely difficult to merit a second appointed attorney to satisfy the intent of the Criminal Justice Act and the defendant's Sixth Amendment right to counsel. Court-appointed counsel for Mr. Kott may move to hire an expert, investigator and/or paralegal pursuant to the CJA to assist in the preparation of a defense. Mr. Kott, if he chooses, may hire someone else to provide services to supplement his counsel.

In cases of like complexity where the Federal Public Defender (FPD) has represented one of several co-defendants, those co-defendants with court appointed counsel have been represented by a sole attorney. The Federal Defender's office is not accountable to the court for their time spent on a case. The district court has a statutory obligation to administer the CJA. The District of Alaska has many criminal cases brought before it that involve complex issues and or an extensive volume of discovery as well as a trial lasting two weeks or more. Compared with other cases pending before this court, this case does not qualify as an "extremely difficult" case requiring the need for two court appointed attorneys to represent the defendant.

Mr. Kott argues that "forcing one lawyer to litigate" his case risks providing him with ineffective assistance of counsel particularly because his court appointed attorney specializes in appeals (and not trial advocacy). Ms. McCloud was appointed to represent Mr. Kott in large part because she requested to be appointed. Her prior knowledge and past participation in the case was deemed to be in the best interest of the defendant and the court. A defendant has a Sixth Amendment right to effective assistance of trial counsel. Ms. McCloud has expressed her concerns that if Mr. Kott is appointed only one attorney for the re-trial proceedings then she may reconsider whether she wants to serve as appointed counsel.

Should Ms. McCloud withdraw, our local FPD would likely be conflicted out. Thus, in the interest of justice and to expedite the business of the court the magistrate judge would allow Mr. Camiel from the CJA District of Washington Panel to accept an appointment as counsel for the defendant.

Ms. McCloud is requested to reassess her role in this case. Should she decide not to remain as sole counsel she should notify the court promptly. If she decides to remain as trial counsel she should avail herself of the means available under the Criminal Justice Act to assist her in the preparation and conduct of the trial. Accordingly, the Motion for Appointment of Two Lawyers Upon Reconsideration is hereby DENIED.

DATED this 13th day of June, 2011, at Anchorage, Alaska.

    /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge